eral officials asserting claims for personal injury. That case was dismissed. He has now filed a motion for leave to proceed in forma pauperis (IFP) on appeal following the district court's denial of his petition for writ of error coram nobis. He has also filed numerous other motions in this appeal, including, in part, a motion to disqualify all the judges of this court for what he characterizes as a conspiracy to suppress his civil rights. Throughout, Ruston has been committed to the custody of the Attorney General under 18 U.S.C. § 4243. *See United States v. Ruston,* 565 F.3d 892, 894 (5th Cir.2009).

By moving to proceed IFP, Ruston is challenging the district court's certification decision that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir.1997). Here, Ruston merely reasserts the arguments that he raised in the district court and has not identified any error in the district court's determination that he is not entitled to coram nobis relief because he was not convicted of a federal offense. Ruston has also failed to identify any error in the district court's determination that the appeal was not taken in good faith and would be frivolous. When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed the decision. *Brinkmann v. Dallas County Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir.1987). Because Ruston's IFP motion is not directed at the district court's reasons for its certification decision, he has not shown that his appeal is not frivolous and taken in good faith. *See Baugh,* 117 F.3d at 202; *see also Howard v. King,* 707 F.2d, 215, 220–21 (5th Cir.1983) (noting that although a pro se litigant is entitled to due consideration of his arguments, that "does not mean that the court is obligated to tolerate abuse of its open door"); 5TH CIR. R. 42.2. Ruston's motion for leave to proceed IFP on appeal is DENIED, and

the appeal is DISMISSED. All of Ruston's remaining motions, which are also frivolous and repetitive of numerous motions he has made in the past, are DENIED. *See, e.g., In re Ruston,* 10–10638 (5th Cir. Oct. 6, 2010) (order barring Ruston from engaging in further repetitive frivolous litigation).

We remind Ruston that he may not file in this court any pro se initial pleading, including a petition for mandamus relief, or any pro se appeal from a district court order without first receiving the written permission of an active judge of this court. Thus, before filing any pro se appeal or other pro se action in this court, Ruston must submit to the clerk of this court a request for permission to file, which the clerk shall direct to an active judge of the court. In requesting the required permission, Ruston shall inform the court of the bar stated in *In re Ruston,* No. 10–10509 (5th Cir. Oct. 5, 2010), and *In re Ruston,* 10–10638 (5th Cir. Oct. 6, 2010). The bar does not apply to pleadings filed by counsel on Ruston's behalf.

**UNITED STATES of America, Plaintiff—Appellee**

v.

**William R. HAYES, Defendant— Appellant.**

**No. 10–30438.**

United States Court of Appeals, Fifth Circuit.

March 2, 2011.

Josette Louise Cassiere, Assistant U.S. Attorney, Alexander Coker Van Hook,

Esq., Assistant U.S. Attorney, U.S. Attorney's Office, Shreveport, LA, for Plaintiff–Appellee.

Ansel Martin Stroud, III, Esq., Barham, Warner, Stroud & McKay, Shreveport, LA, for Defendant–Appellant.

Before BARKSDALE, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

AFFIRMED. *See* 5TH CIR. R. 47.6.

**Vanya Adelia ONIONS, Petitioner,**

v.

**EriC H. HOLDER, Jr., U.S. Attorney General, Respondent.**

No. 10–60038.

United States Court of Appeals,
Fifth Circuit.

March 2, 2011.

Godson Emeka Anyanwu, Anyanwu & Associates, Dallas, TX, for Petitioner.

Donald Anthony Couvillon, Esq., Tangerlia Cox, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM: *

Vanya Onions, a native and citizen of Malawi, petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying her protection under the Convention Against Torture ("CAT"). Onions asserted that she would be forced to undergo female genital mutilation, a ritual of her grandparents' tribe, if she returned to Malawi.

An immigration judge ("IJ") denied Onions's claim, and the BIA affirmed, because she failed to demonstrate that it is more likely than not that she would be tortured if she returned to Malawi and that Malawi officials would acquiesce in the torture. *See* 8 C.F.R. § 208.16(b). The IJ and BIA noted that Onions had never been tortured, and there was no credible evidence that anyone had ever threatened her with genital mutilation. Further, Onions failed to show that she would be forced to return to her grandparents' tribe and that she could not relocate to a safer part of Malawi.

Onions has failed to present any legal authority or facts to dispute the findings of the BIA or to demonstrate that the record compels a reversal. *See Zhang v. Gonzales,* 432 F.3d 339, 344–45 (5th Cir.2005). Accordingly, the petition is DENIED. Because Onions only sought protection under the CAT, we address only that claim and do not comment on any other asylum claim she might have brought.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.